UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MICHAEL McLEOD,  　　　　　　　　Case No. 11-15633

　　　　　　Plaintiff,　　　　　　　　　　　　Mark A. Goldsmith
v.　　　　　　　　　　　　　　　　　　　　United States District Judge

MICHIGAN DEPARTMENT OF TREASURY,　　Michael Hluchaniuk
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　Defendant.
_____/

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR REPLEVIN (Dkt. 5),**
**DEFENDANT'S MOTION TO DISMISS (Dkt. 8),**
**AND PLAINTIFF'S MOTION FOR DAMAGES (Dkt. 11)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed a complaint against the Michigan Department of Treasury (Treasury) on December 23, 2011. (Dkt. 1). Plaintiff seeks damages in excess of $25,000 for taxes allegedly unconstitutionally seized by Treasury. This matter was referred to the undersigned for all pretrial proceedings by District Judge Mark A. Goldsmith. (Dkt. 2). Treasury filed an answer to the complaint on January 13, 2012. (Dkt. 3). On January 26, 2012, plaintiff filed a motion for replevin. (Dkt. 5). Defendant filed a response on February 16, 2012. (Dkt. 7). On this same date, Treasury filed a motion to dismiss. (Dkt. 8). Also on this same date, plaintiff filed a motion for damages. (Dkt. 11). Treasury filed a response to the

1

Report and Recommendation
Motions to Dismiss/Replevin/Damages
*McLeod v. Mich. Dep't of Treasury*; Case No. 11-15633

motion for damages on March 1, 2012. (Dkt. 14). On February 29, 2012, plaintiff filed a response to the motion to dismiss. (Dkt. 15). These matters are now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**, that plaintiff's motion be **DENIED**, and that plaintiff's complaint be **DISMISSED** with prejudice.

## II. FACTUAL BACKGROUND

Plaintiff claims that defendant denied him equal protection of the law under the United States and Michigan Constitutions by ignoring the defenses he raised in the actions taken by Treasury against him. Specifically, Treasury failed to answer his numerous certified postal mailings, failed to follow the legal procedures required by law before seizing his property, denied him due process through a legitimate administrative hearing before seizing the property, seized his wages in excess of legal limits, and disregarded the facts at the administrative hearing. Plaintiff seeks the return of his property in the amount of more than $25,000, which he claims was unconstitutionally seized. (Dkt. 1).

## III. ANALYSIS AND CONCLUSION

While Treasury brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) and (c), technically, Rule 12(b)(1) is applicable because the

2

Report and Recommendation
Motions to Dismiss/Replevin/Damages
*McLeod v. Mich. Dep't of Treasury*; Case No. 11-15633

Court's subject matter jurisdiction is at issue. *See e.g. Mixon v. State of Ohio*, 193 F.3d 389 (6th Cir. 1999) (Court treated Eleventh Amendment immunity challenge as issue of subject matter jurisdiction). However, where the moving party makes a facial attack based on subject matter jurisdiction, the standard is essentially the same as that under Rule 12(b)(6) and (c). *Uttilla v. City of Memphis*, 40 F.Supp.2d 968 (W.D. Tenn. 1999), citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir.1990) (referring to the standard of review for Rule 12(b)(1) facial attacks as similar to that employed under 12(b)(6) motions to dismiss).

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Further, a district court may "resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction." *Id.* Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A factual attack is a challenge to the factual existence of subject

3

Report and Recommendation
Motions to Dismiss/Replevin/Damages
*McLeod v. Mich. Dep't of Treasury*; Case No. 11-15633

matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie*, 15 F.3d at 598. In matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

The Sixth Circuit adheres to the standard of review for Rule 12(b)(1) motions explained in *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977):

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. The decision disposing the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations he or she would be unable to prevail. In the interests of judicial economy it is not improper to dispose of the claim at that stage....
>
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The

4

Report and Recommendation
Motions to Dismiss/Replevin/Damages
*McLeod v. Mich. Dep't of Treasury*; Case No. 11-15633

> factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996), quoting *Mortensen*, 549 F.2d at 890-891. Here, as noted above, the undersigned will apply the facial attack standard, rather than the factual attack standard.

Treasury argues that plaintiff's claims are barred by Eleventh Amendment immunity. (Dkt. 8). Although the Eleventh Amendment expressly prohibits only suits against states by citizens of other states, the Supreme Court has long held that the Eleventh Amendment also bars suits by citizens of the state being sued. *Fleming v. Michigan*, 2010 WL 931925, *6 (E.D. Mich. 2010), citing *Hans v. Louisiana*, 134 U.S. 1 (1890); *Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472-73 (1987) (plurality opinion).

Notably, "[t]here are ... three qualified exceptions to Eleventh Amendment

5

Report and Recommendation
Motions to Dismiss/Replevin/Damages
*McLeod v. Mich. Dep't of Treasury*; Case No. 11-15633

immunity [.]" *Lawson v. Shelby County, TN*, 211 F.3d 331, 334 (6th Cir. 2000). "First, a state may waive the protection of the Amendment by consenting to the suit." *Id.*, 211 F.3d at 334. "The second exception to the Eleventh Amendment bar is that Congress, under certain provisions of the Constitution, may abrogate the sovereign immunity of the states through statute." *Id*. "Under the third exception, a federal court may enjoin a 'state official' from violating federal law." *Id*. at 335, citing *Ex parte Young*, 209 U.S. 123 (1908). None of these exceptions apply here because plaintiff has not pointed to any statute waiving such immunity by the State of Michigan or abrogating such immunity by Congress, and plaintiff does not seek prospective injunctive relief.

Thus, just as in *Fleming*, the Court should grant Treasury's motion to dismiss, because the Treasury, as an agency of the State of Michigan, is immune from suit for damages in this Court absent consent. *Fleming*, at *7, citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Alabama v. Pugh*, 438 U.S. 781 (1978) ("[S]uit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Michigan] has consented to the filing

6

Report and Recommendation
Motions to Dismiss/Replevin/Damages
*McLeod v. Mich. Dep't of Treasury*; Case No. 11-15633

of such a suit."); *Abick v. State of Michigan*, 803 F.2d 874, 876 (6th Cir. 1986) ("Michigan and its agency, the State Judicial Council, under the eleventh amendment, are immune from an action for damages or injunctive relief in federal court."). For these same reasons, the undersigned also concludes that plaintiff's motions should be denied.

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**, that plaintiff's motion be **DENIED**, and that plaintiff's complaint be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

7

Report and Recommendation
Motions to Dismiss/Replevin/Damages
*McLeod v. Mich. Dep't of Treasury*; Case No. 11-15633

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 5, 2012               s/Michael Hluchaniuk
                                 Michael Hluchaniuk
                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on June 5, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Nathan A. Gambill, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): John Michael McLeod, 1900 Loomis Rd., Jackson, MI 49201.

                                 s/Tammy Hallwood
                                 Case Manager
                                 (810) 341-7887
                                 tammy_hallwood@mied.uscourts.gov

8

Report and Recommendation
Motions to Dismiss/Replevin/Damages
*McLeod v. Mich. Dep't of Treasury*; Case No. 11-15633